UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Marya Mahyoub Abdo QAHTAN, and Mouath Sadik ABDULELAH,<br><br>    *Plaintiffs*,<br><br>v.<br><br>Martina A. Strong, Ambassador,<br>U.S. EMBASSY,<br>RIYADH, SAUDI ARABIA;<br><br>Rena Bitter, Assistant Sec. of State,<br>Bureau of Consular Affairs,<br>DEPARTMENT OF STATE;<br><br>Anthony J. Blinkin, Secretary,<br>DEPARTMENT OF STATE.<br><br>    *Defendants*. | Case No.     2:23-cv-10718 |

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. This is an action brought pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 702, *et seq*., ("APA") seeking to compel Defendant U.S. Embassy in Riyadh, Saudi Arabia, to complete the administrative agency process and render a final adjudication of Plaintiff Marya Qahtan's IR-1 immigrant visa, pending with the U.S. Embassy Riyadh since January 21, 2019. To date, while Plaintiffs continue to wait in separate countries, the defendants have failed to reach final agency action on Plaintiff's visa. Plaintiffs seek to have this honorable Court impose a date-certain deadline for adjudication of their pending application for IR-1 immigrant visa.

## II. PARTIES

2. Plaintiff Ms. Marya Mahyoub Abdo QAHTAN (hereinafter "Marya Qahtan") is a citizen and national of Yemen. Ms. Qahtan is married to Plaintiff Mouath Sadik ABDULELAH (hereinafter "Mouath Abdulelah") and is the Beneficiary of an approved I-130 Petition for Alien Relative filed by Plaintiff Abdulelah. Plaintiff Marya Qahtan (who is pregnant with the couple's second child) and the couple's first child (a U.S. citizen) currently live in Riyadh, Saudi Arabia separated from their husband and father, Plaintiff Mouath Abdulelah.

3. Plaintiff Mouath Abdulelah is a naturalized U.S. citizen and is married to Plaintiff Marya Qahtan. Plaintiff Mouath Abdulelah filed an I-130 Petition for

Alien Relative on behalf of Plaintiff Marya Qahtan on September 26, 2016 – more than six years ago. This I-130 Petition was approved by U.S. Citizenship and Immigration Services (USCIS) on September 20, 2018 – more than four years ago. Mr. Abdulelah resides in the city of Detroit, Wayne County, Michigan. Mr. Abdulelah's wife, Plaintiff Qahtan – and the couple's four-year-old U.S. citizen son – will join him in Detroit, Michigan, upon approval of her IR-1 visa. Additionally, Plaintiff Qahtan is pregnant with the couple's second child, with an expected due date in April of 2023.

4.      Defendant Martina A. Strong was appointed Chargé d'Affaires on January 20, 2021, and serves as Ambassador and Chief of Mission at Embassy Riyadh, Saudi Arabia. As Chief of Mission, Defendant Strong oversees the Immigrant Visa Unit of the U.S. Embassy in Riyadh for processing of documentarily qualified visa applications, such as the IR-1 immigrant visa application submitted by Plaintiff Qahtan on January 21, 2019. Plaintiff Qahtan's visa interview was scheduled and conducted by the Immigrant Visa Section under the direction of Defendant Strong and her visa application should be adjudicated and a *final* decision rendered by the U.S. Embassy Riyadh to *complete* the agency process. Defendant Strong is a consular officer as defined by 8 U.S.C. § 1101(a)(9) and is sued in her official capacity.

5. Defendant Rena Bitter is Assistant Secretary of State and serves as the head of the Bureau of Consular Affairs. In this role, Defendant Bitter serves the interests of U.S. citizens abroad and foreign nationals who seek to connect to the United States through the issuance of visas to qualified visitors, workers, and immigrants. The Bureau of Consular affairs oversees all U.S. Embassies and Consulates.

6. Defendant Anthony Blinkin is Secretary of the U.S. Department of State (DOS). As Secretary of State (SOS), Defendant Blinkin directs the administration of the entire DOS, establishes and implements governing DOS policies, practices, and procedures including the adjudication of immigrant visas, and oversees all State Department Embassies and Consulates, which includes the delegated Consular personnel who should *complete* the adjudication of Plaintiff Qahtan's IR-1 immigrant visa application submitted in January of 2019 to the U.S. Embassy in Riyadh, Saudi Arabia.

7. Defendant Bureau of Consular Affairs ("CA") is a component of Defendant DOS that formulates and implements policy relating to immigration and consular services and should ensure responsive and efficient provision of consular services overseas. Responsibility for these functions is vested within the Department of State in the Assistant Secretary for Consular Affairs and for their

implementation abroad in consular officers assigned to embassies and consulates abroad.

8. Defendant Department of State ("DOS") is a cabinet department of the United States federal government pursuant to 22 U.S.C. § 2651 and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). DOS serves as the lead U.S. foreign affairs agency, and is responsible, *inter alia*, for leading and coordinating U.S. representation abroad including through U.S. Embassies and consulates in foreign countries. DOS oversees the Bureau of Consular Affairs and its implementation of federal law and policy with respect to visa applications.

### III. JURISDICTION

9. This case arises under the Mandamus Act, 28 U.S.C. § 1361, which gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

10. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, as a civil action raising a federal question arising under the laws of the United States, and 28 U.S.C. § 1651, as this Court was established by Congress and therefore "may issue all writs necessary or appropriate in their respective jurisdictions."

11.     Jurisdiction is also conferred by the Administrative Procedures Act, 5 USC §§ 701-708, as Plaintiffs are aggrieved by adverse agency action in this case and this court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, the "failure to act." 5 U.S.C. § 551(13), emphasis added.

12.     The Court has personal jurisdiction over all Defendants as they can be reached by service of process.

### IV.     VENUE

13.     Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1), as this is a civil action in which the Defendants are agencies of the United States and officers of the United States acting in their official capacity, this action is brought in the judicial district in which U.S. citizen Plaintiff Mouath Abdulelah resides, and all Defendants can be reached by service of process.

### V.     STANDING

14.     Plaintiffs have constitutional standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992), as individuals who have suffered a concrete injury due to Defendants' failure to act, which injury will be redressed by a favorable decision in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61 (1992). Plaintiffs have been and continue to be injured by the ongoing failure of Defendants to complete all agency action and timely adjudicate Plaintiff Marya

6

Qahtan's IR-1 visa application based on the approved I-130 Petition for Alien Relative which was properly filed by Plaintiff Mouath Abdulelah on September 26, 2016 – *more than six years ago*.

## VI.  FACTUAL ALLEGATIONS

15.  Plaintiff Mouath Abdulelah resides in the city of Detroit, Wayne County, Michigan and is a U.S. citizen. **EXHIBIT A**.

16.  Plaintiff Marya Qahtan is a Yemeni citizen and national, born in 1999 in the city of Taiz, Yemen. She currently resides in Riyadh, Saudi Arabia. **EXHIBIT B**.

17.  Plaintiff Mouath Abdulelah and Plaintiff Marya Qahtan married in December of 2015. **EXHIBIT C**.

18.  On September 26, 2016, Plaintiff Mouath Abdulelah properly filed an I-130 Petition for Alien Relative (Receipt No. WAC-16-906-40624) on behalf of his wife, Plaintiff Marya Qahtan, which was approved by USCIS on September 20, 2018. **EXHIBIT D**.

19.  As stated in the I-797C transfer notice dated August 14, 2017, USCIS "transferred your case to the USCIS office listed below that has jurisdiction over your case." Plaintiff Qahtan's case was transferred to the National Benefits Center ("NBC"). **EXHIBIT E**.

20. On October 5, 2018, the National Visa Center ("NVC") created case number RID201880400701 for Plaintiff Marya Qahtan's IR-1 immigrant visa application. **Exhibit F**.

21. On January 21, 2019, the NVC transferred Plaintiff Marya Qahtan's IR-1 immigrant visa application to the U.S. Embassy in Riyadh, Saudi Arabia, where Ms. Qahtan's visa interview was scheduled for February 18, 2019. **Exhibit G**.

22. Upon conclusion of the Feb. 18, 2019, interview at U.S. Embassy Riyadh, Ms. Qahtan was informed that her visa application was refused due to Presidential Proclamation 9645 that suspended visa issuance to Yemeni citizens, but that she was eligible to apply for a waiver. **Exhibit H**.

23. On March 26, 2019, after Plaintiff Qahtan provided U.S. Embassy Riyadh with additional documentation as requested, including form DS-5535 Supplemental Questions for Visa Applicants, a subsequent refusal was issued indicating that Ms. Qahtan remained inadmissible under Section 212(f) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(f), on the basis of the same Presidential Proclamation and that she did not qualify for a waiver. **Exhibit I**.

24. On February 20, 2021, President Biden signed Presidential Proclamation 10141 "Ending Discriminatory Bans on Entry to the United States." This proclamation revoked the travel restrictions under Presidential Proclamations

9645 and 9983 and directed the U.S. State Department to pursue the processing of visa applications for individuals from affected countries consistent with applicable law and visa processing procedures. **Exhibit J**.

25. On February 2, 2021, the immigrant visa section of U.S. Embassy Riyadh emailed Platinff Marya Qahtan specifying that "Because of the recent change in law regarding Presidential Proclamation 9645, we are actively reviewing your case. It is in administrative processing. We will contact you when this process is complete." **Exhibit K**.

26. Since February 2021, Plaintiff Marya Qahtan's immigrant visa case has remained under administrative processing in Riyadh, Saudi Arabia. Over 30 inquiries have been sent to the U.S. consulate between February 2021 – Present. **Exhibit L**.

27. Plaintiffs' prior counsel, Goldberg & Associates, P.C., corresponded repeatedly with U.S. Embassy Riyadh regarding Plaintiff Qahtan's stalled immigrant visa – sending no less than 8 emails dating from October of 2021 to January of 2023, to which four (4) responses were received. The responses from Riyadh stated "still pending administrative processing," (October 25, 2021), "remains under administrative processing," (January 28, 2022), and "unfortunately the administrative processing has not yet concluded." (January 26, 2023). **Exhibit M**.

28. In 2022, Plaintiff Mouath Abdulelah enlisted assistance from U.S. Senator Debbie Stabenow and U.S. Senator Gary Peters office for his wife's long-delayed visa application. Correspondence from both Senators' offices is included in **Exhibit L**.

29. The most recent attorney inquiry to U.S. Embassy Riyadh was submitted by current counsel on behalf of Plaintiffs on March 3, 2023. **Exhibit N**. At the time of this filing, no response has been received.

30. As of the date of this filing, the online CEAC system still shows Plaintiff Qahtan's visa application case as "refused" **EXHIBIT F**. Plaintiff Qahtan's visa application status remains in administrative processing solely on the basis of the now-revoked Presidential Proclamations denying visas to Yemenis. There is no other basis for the delay. Plaintiff Qahtan's visa remains pending under administrative processing awaiting *final* action by U.S. Embassy Riyadh.

31. Plaintiff Qahtan's consular visa interview occurred on February 18, 2019 – over 49 months ago. It has now been more than two years since Plaintiff Qahtan was notified by U.S. Embassy Riyadh that her case was in administrative processing due to the change in law pursuant to Presidential Proclamation 10141 issued by President Biden.

32. Ms. Qahtan's visa application should be adjudicated by Embassy Riyadh to *complete* the agency process.

33. As of the date of this filing, Plaintiff Marya Qahtan has not received a decision from DOS or Embassy Riyadh. Plaintiffs remain separated more than five years after the approval of their I-130 Petition for Alien Relative and more than four years after completion of Plaintiff Marya Qahtan's consular interview on February 18, 2019. It is now also more than two years since Plaintiff Qahtan was notified by Embassy Riyadh that her case was in administrative processing.

34. As an immediate relative, Ms. Qahtan is eligible for immediate adjudication of her IR-1 immigrant visa. However, Defendants have failed to complete adjudication of Plaintiffs' properly filed visa application.

## VII. **IRREPARABLE INJURY**

35. The failure of Defendants to complete the administrative agency action regarding Plaintiffs' IR-1 immigrant visa Application within a reasonable time causes Plaintiffs Mouath Abdulelah and Marya Qahtan to suffer irreparable injury.

## VIII. **EXHAUSTION**

36. Plaintiffs Mouath Abdulelah and Marya Qahtan have exhausted all available administrative remedies that can provide the relief they seek. There are no further administrative remedies available to Plaintiffs.

## IX. FIRST CAUSE OF ACTION – Writ of Mandamus

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 above.

38. Mandamus is available when three requirements are met: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). *See also* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

39. Plaintiffs have a clear right to the relief requested. U.S. citizen Plaintiff Mouath Abdulelah's I-130 Petition for Alien Relative on behalf of his wife Plaintiff Marya Qahtan was approved by USCIS on September 20, 2018, and Plaintiff Qahtan's IR-1 immigrant visa application was properly submitted to Embassy Riyadh on January 21, 2019.

40. Defendants have a clear, ministerial, non-discretionary duty to perform the act in question – which is to *complete* the administrative agency action on Plaintiffs' pending IR-1 visa application within a reasonable time within published processing times. This includes both interview and <u>final</u> adjudication.

41. Furthermore, provisions 8 U.S.C. § 1571(a), § 1571(b), § 1572, § 1573, and § 1574 make clear Congress's policy that an immigration benefit application should be completed not later than 180 days after the initial filing.

42. Defendants have failed to issue a decision on Plaintiffs' IR-1 immigrant visa application.

43. Plaintiffs have now awaited completion of the administrative agency process for 50 months – more than 1500 days – since the NVC transferred the case to U.S. Embassy Riyadh on January 21, 2019.

44. This delay is far longer than the maximum 180 days allowed by statute. Plaintiffs have been prejudiced by this delay.

45. Under the circumstances, it is unreasonable for Defendants to delay completion of the administrative agency process regarding Plaintiffs' IR-1 immigrant visa application.

46. No other adequate remedy is available. Plaintiffs have submitted correspondence attempting to understand and to expedite the continued delay.

**X.    SECOND CAUSE OF ACTION – Administrative Procedures Act**

47. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 46 above.

48. The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), provides the Court with authority to compel agency action unlawfully

withheld or unreasonably delayed. As held by the tenth Circuit, "the APA gives rise to a legally enforceable right to the <u>completion</u> of administrative agency action within a reasonable time, not merely a right to have the agency take some action at all." *Yu v. Brown*, 36 F. Supp. 2d 922, 928 (D.N.M. 1999), citing *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1269 (10th Cir. 1998) and *Deering Milliken, Inc. v. Johnston,* 295 F.2d 856, 861 (4th Cir.1961) (emphasis added).

49. The APA also provides this Court with the authority to hold unlawful and set aside agency action that, *inter alia,* is found to be: "arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, <u>or failure to act</u>." 5 U.S.C. § 551(13) (emphasis added).

50. When a petitioner/plaintiff "seeks both mandamus relief and relief under the APA, courts apply the same principles and standards to both to determine jurisdiction and to access the merits." *Nelson v. United States*, 107 F. App'x 469, 471 (6th Cir. 2004).

51. Defendants have a duty under the APA to make a final decision "within a reasonable amount of time." 5 U.S.C. § 555(b).

52. To determine whether the agency's delay is unreasonable, this Court must apply the six "TRAC" factors enumerated in *Telecomms Research & Action v. FCC ("TRAC")*, 750 F.2d 70, 80 (D.C. Cir. 1984). *Telukunta v. Mayorkas*, Case No. 21-10372, (ED Mich., June 15, 2021), at 2. "The 'most important' TRAC factor is the first factor." *Id., quoting In re Core Comms., Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). The first factor requires that "the time agencies take to make decision must be governed by a 'rule of reason.'" *TRAC*, 750 F.2d at 80. USCIS reviews applications on a first-in, first-out basis. It strains credibility and reason to think there are many, if any, applications pending without final resolution that were filed prior to Plaintiffs' I-130 filing date of September 26, 2016 – over six years ago. Plaintiff Qahtan filed her IR-1 visa application over four years ago. This most-important factor favors Plaintiffs. "The third and fifth TRAC factors address the delay's effect on the visa applicant. Under the third factor the Court must consider that 'delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake.'" *Telukunta*, No-21-10372, at 3, quoting *TRAC*, 750 F.2d at 80.

53. Defendants have unreasonably delayed completion of the administrative agency process regarding Plaintiffs' IR-1 immigrant visa application. Again, it has been over 50 months – more than 1500 days – since the NVC transferred the case to U.S. Embassy Riyadh on January 21, 2019.

54. It has been more than two years since Plaintiff Qahtan was notified by Embassy Riyadh that her case was in administrative processing on February 2, 2021.

55. Defendant's "failure to act" on Plaintiffs' properly filed IR-1 immigrant visa application is arbitrary, capricious, and not in accordance with the law, regulations, or agency policy. 5 U.S.C. § 551(13).

56. Plaintiffs have exhausted their administrative remedies. No other remedy exists in the face of the Defendants' continued and unexplained *completion* of required action on the properly filed IR-1 immigrant visa application by Plaintiff Marya Qahtan.

57. Plaintiffs respectfully request that this Honorable Court "compel agency action unlawfully withheld or unreasonably delayed" pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(1).

## XI. CLAIM FOR EQUAL ACCESS TO JUSTICE ACT (EAJA) FEES

58. Plaintiffs re-allege and incorporate by reference paragraphs 1 to 57.

59. Defendant's failure to complete the administrative agency action and render a final decision within a reasonable amount of time is substantially unjustified and Plaintiffs are entitled to reasonable attorney's fees under EAJA.

## XII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1. Assume jurisdiction over this action; and

2. Compel Defendants to complete all agency action and render a final adjudication of Plaintiffs' IR-1 immigrant visa application by a date certain; and

3. Award Plaintiffs reasonable costs and fees under EAJA; and

4. Award such other relief as the Court deems necessary or proper.

Respectfully submitted this 28th day of March, 2023.

*/s/ Glenn Eric Sproull*

_____
GLENN ERIC SPROULL (IL 6276310)
Palmer Rey PLLC
29566 Northwestern Hwy, Suite 200
Southfield, MI 48034
(248) 522-9500
eric@palmerrey.com

***Attorney for Plaintiffs***